**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**DONNA MIRABILE,**
                **Plaintiff**

      v.                               **CIVIL ACTION NO: 2:06cv573**

**LIFE INSURANCE COMPANY OF NORTH AMERICA,**

                **Defendant.**

*MEMORANDUM OPINION*

This case is before the Court on Life Insurance Company of North America's ("LINA" or "Defendant") motion for summary judgment. On April 27, 2007, The Court **GRANTED** Defendant's motion. This Memorandum Opinion explicates the Court's holding.

**I. FACTUAL & PROCEDURAL HISTORY**

Donna Mirabile ("Plaintiff") was employed by Rudy & Kelly Hairstylists, Inc. ("Rudy & Kelly") as a hair stylist. As a Rudy & Kelly employee, Plaintiff was insured by LINA's long-term disability policy which was issued to Rudy & Kelly by LINA. On September 12, 1991, LINA received Plaintiff's claim for benefits for pain in her left leg. LINA approved her benefits effective November 8, 1991. By letter dated February 26, 2002, LINA terminated Plaintiff's benefits effective February 28, 2002, because according to LINA, the evidence gathered as of that date did not show Plaintiff to be disabled under the Policy. LINA informed Plaintiff of her right to appeal and her right to provide within 180 days any additional information or medical documentation for consideration. By letter dated March 11, 2002, Plaintiff appealed LINA's

termination of her benefits. By letter dated May 31, 2002, LINA upheld its denial of Plaintiff's claim. On July 2, 2002, LINA wrote to counsel for Plaintiff, at the time, Ronald M. Gates, specifying the limitation period which Plaintiff must follow to file suit. On September 11, 2006, Plaintiff filed the instant suit in the Circuit Court for the City of Norfolk, Virginia. On October 11, 2006, Defendant removed the matter to this Court pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"). Defendant filed the instant motion on February 12, 2007, along with a brief in support of the motion. On March 13, 2007, Plaintiff filed a motion for a continuance. On March 23, 2007, Defendant filed a brief in opposition of Plaintiff's motion for a continuance. A hearing was held on Plaintiff's motion for a continuance on March 30, 2007. On that same date, the Court GRANTED IN PART and DENIED IN PART, Plaintiff's motion for a continuance. Plaintiff was GRANTED an extension of time until and including April 10, 2007, to file and deliver into the hands of counsel for Defendant her brief in opposition to the defendant's motion for summary judgment. Defendant was given until and including April 16, 2007, to file a reply. In all other respects, Plaintiff's motion for a continuance was DENIED.

On April 11, 2007, Plaintiff filed a response to Defendant's motion for summary judgment. Defendant replied on April 16, 2007. On April 27, 2007, after careful consideration of the briefs and other evidence presently before the Court, the Court found that summary judgment is appropriate. The Court **GRANTED** Defendant's motion for summary judgment. This Memorandum Opinion explicates the Courts April 27, 2007 **ORDER**.

## II. LEGAL STANDARD

**Summary Judgment**

Rule 56(c) provides for summary judgment if the Court, viewing the record as a whole, determines "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the Court must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party, here Plaintiff. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). To defeat summary judgment, the nonmoving party must go beyond the pleadings with affidavits, depositions, interrogatories, or other evidence to show that there is in fact a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The Court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

## III. ANALYSIS

Defendant raises two arguments in its motion for summary judgment. First, Defendant asserts that Plaintiff's suit is time barred. Second, Defendant contends that alternatively, Defendant's decision to terminate Plaintiff's long term disability benefits was based upon substantial evidence and thus, reasonable. Plaintiff counters that her claim was filed within the applicable statute of limitations. Plaintiff also argues that the record before the Court is insufficient to support summary judgment on the issue of LINA's decision to terminate her benefits.

Defendant argues that Plaintiff's claim is barred by the ERISA policy's limitations period. Plaintiff contends, however, that the statute of limitations applicable to this cause of action is Section 8.01-246(2), Code of Virginia, and thus the suit is timely filed before the running of the five-year statute. Under the terms of the policy, "[n]o action will be brought at all unless brought within 3 years . . . after the time within which proof of loss is required by the policy." (Policy at 12.) Moreover, the TIME LIMITATIONS section of the policy states:

> TIME LIMITATIONS. If any time limit set forth in the policy for giving notice of claim or proof of loss, or for bringing any action at law or in equity is less than that permitted by the law of the state in which the Employee lives when the policy is issued, then the time limit provided in the policy is extended to agree with the minimum permitted by the law of that state.

(Policy at 28.) Because the policy at issue is an employee welfare benefit plan, this action is governed by ERISA. ERISA preempts any state law cause of action that "may or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *see, e.g., Aetna Health Inc. V. Davila*, 542 U.S. 200, 201 (2004) ("Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). However, ERISA does not provide a statute of limitations applicable to Plaintiff's claims. *Koonan v. Blue Cross & Blue Shield of Va.*, 802 F. Supp. 1424, 1425 (E.D. Va. 1992). In the absence of such statutes, courts look to the most analogous state statute. *Dameron v. Sinai Hosp. of Baltimore, Inc.*, 815 F.2d 975, 981 (4th Cir. 1987); *see also Payne v. Blue Cross and Blue Shield of Va.*, No. 91-2583, 1992 U.S. App. LEXIS 24357, at *4-5 (4th Cir. Sept. 24, 1992). As mentioned, Plaintiff maintains that Virginia's five-year limitation on breach of contract claims applies to the policy at issue. However, In *Payne*, an unreported decision, the United States Court of Appeals for the Fourth

Circuit ("Fourth Circuit") held that Va. Code § 38.2-314 was the most analogous provision in an ERISA claim. *Payne*, 1992 U.S. App. LEXIS 24357, at *4-5. Moreover, in *Koonan*, this Court, applying *Payne*, affirmed an ERISA benefits plan policy's one-year limitation. *Koonan*, 802 F. Supp. at 1425. Similar to Plaintiff in the instant case, the plaintiff in *Koonan* argued that Virginia's five-year limitation on breach of contract claims applied to the policy at issue. The court rejected that argument and found that under *Payne*, the one-year limitation of § 38.2-314 was the most analogous statute of limitations. *Id.* The *Koonan* court explained that this "section of the Virginia Code which addresses the enforceability of contractual limitations in the insurance contract context, Va Code § 38.2-314, would appear to be the most closely related Virginia statute in this case" *Id.*

Plaintiff cites *Karras v. First Colony Life Ins. Co.,* No. 6:05cv00031, 2006 U.S. Dist. LEXIS 18969 (W.D. Va. Apr. 13, 2006) in support of her proposition that the breach of written contracts statute of limitations applies. In *Karras*, the court found that the most analogous state statute was the five-year statute of limitations for breach of a written contract. *Id*. at *9. However*, Karras*, is in direct conflict with *Payne*. This Court will follow the holding affirmed in *Koonan*. Section 38.2-3540 is the Virginia statute most analogous in evaluating claims for ERISA benefits. Under this statute, "[n]o provision in any insurance policy shall be valid if it limits the time within which an action may be brought to less than one year after the loss occurs or the cause of action accrues." Va. Code Ann. § 38.2-314. "By implication the Virginia General Assembly views limitations periods of one year or more to be valid." *Koonan*, 802 F. Supp. at 1425. In the instant case, the policy's limitation period is three years, well beyond the one year minimum set forth by the statute. Therefore, there is no question of its validity.

The Fourth Circuit has held that an ERISA cause of action accrues when a claim of benefits has been made and formally denied. *Rodriquez v. MEBA Pension Trust*, 872 F.2d 69, 72 (4th Cir. 1989). As noted, by letter dated February 26, 2002, LINA notified Plaintiff of the termination of her benefits effective February 28, 2002. LINA informed Plaintiff of her right to appeal and her right to provide within 180 days any additional information or medical documentation for consideration. By letter dated March 11, 2002, Plaintiff appealed LINA's termination of her benefits. By letter dated May 31, 2002, LINA upheld its denial of Plaintiff's claim. On July 2, 2002, LINA wrote to counsel for Plaintiff, at the time, Ronald M. Gates, specifying the limitation period for which Plaintiff to file suit. On September 11, 2006, Plaintiff filed the instant suit in the Circuit Court for the City of Norfolk, Virginia. Plaintiff's claim was filed more than three years after the cause of action accrued. Plaintiff's claim is time barred[1].

### IV. CONCLUSION

For the reasons stated above, the Defendant's motion for summary judgment is **GRANTED**. The Clerk is **DIRECTED** to send a copy of this **MEMORANDUM OPINION** to the parties.

**IT IS SO ORDERED**.

/s/
_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June   12, 2007

---

[1] Defendants assert additional bases for dismissing Plaintiff's complaint. However, given the Court's finding that Plaintiff's claim is time barred, it is unnecessary to reach an examination of those arguments.